UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Mario Cabrera Penaloza,   File No. 18-cv-1907 (ECT/LIB)

      Petitioner,

v.

      **ORDER**

Secretary Homeland Security,
Matthew G. Whitaker,[1] Attorney General,
Scott Baniecke, ICE Field Office Director,
and Kurt Freitag, Freeborn County Sherriff,

      Respondents.

---

This case concerns a habeas petition filed by petitioner Mario Cabrera Penaloza ("Cabrera"), a native and citizen of Mexico, challenging his continued detention by Immigration and Customs Enforcement ("ICE") pending removal. *See generally* Pet. [ECF No. 1]; Pet. Mem. at 2 [ECF No. 8]. The Court has received the December 12, 2018 Report and Recommendation of United States Magistrate Judge Leo I. Brisbois. ECF No. 20. No party has objected to that Report and Recommendation, and the Court therefore would ordinarily review it for clear error. *See* Fed. R. Civ. P. 72(b); *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (per curiam). But a recent filing by the government reveals that on November 7, 2018, immigration officials effectuated Cabrera's final order of removal and removed him to Mexico. Decl. of Ana H. Voss ("Voss Decl.") Ex. 1 at 3 [ECF No. 24].

---

[1]     Acting Attorney General Matthew G. Whitaker is substituted for former Attorney General Jefferson Sessions, III, because a "[public] officer's successor is automatically substituted as a party" and "[l]ater proceedings should be in the substituted party's name." Fed. R. Civ. P. 25(d).

Given that newly filed information regarding the change in Cabrera's circumstances, the Court must first satisfy itself that it retains subject-matter jurisdiction over the case before reviewing the substance of the Report and Recommendation.

The United States Constitution limits the subject-matter jurisdiction of federal courts to ongoing cases and controversies. *See* U.S. CONST. art. III, § 2, cl. 1. "[A]n actual [case or] controversy must exist not only at the time the complaint is filed, but through all stages of the litigation." *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013) (citations and internal quotation marks omitted). "When . . . the issues presented in a case lose their life because of the passage of time or a change in circumstances . . . and a federal court can no longer grant effective relief, the case is considered moot." *Ali v. Cangemi*, 419 F.3d 722, 723 (8th Cir. 2005) (quoting *Haden v. Pelofsky*, 212 F.3d 466, 469 (8th Cir. 2000)). If an action is moot because it no longer satisfies the case-or-controversy requirement, a federal court "ha[s] no discretion and must dismiss the action for lack of jurisdiction." *Ali*, 419 F.3d at 724 (citing *Powell v. McCormack*, 395 U.S. 486, 496 n.7 (1969)). There are four exceptions, however. If any of the following exceptions apply, a court should not dismiss a habeas petition as moot:

> (1) secondary or 'collateral' injuries survive after resolution of the primary injury; (2) the issue is deemed a wrong capable of repetition yet evading review; (3) the defendant voluntarily ceases an allegedly illegal practice but is free to resume it at any time; or (4) it is a properly certified class action suit.

*Ahmed v. Sessions*, No. 16-cv-02124 (DSD/HB), 2017 WL 3267738, at *2 (D. Minn. July 11, 2017) (citation omitted), *report and recommendation adopted*, 2017 WL 3268176 (D. Minn. July 31, 2017).

In this case, Cabrera sought release from ICE detention during the pendency of his removal proceedings via a § 2241 habeas petition. On October 26, 2018, the Board of Immigration Appeals denied Cabrera's administrative appeal in his removal proceedings, Voss Decl. Ex. 1 at 6, and he was subsequently deported to Mexico, *id.* at 3. As a result, the relief he initially sought would now be ineffectual—he is no longer in ICE detention, so the Court cannot order his release. Therefore, an ongoing controversy no longer exists, and the habeas petition is moot.

No exceptions apply, either. "[T]he collateral-injuries exception does not apply when such injuries are a result of the final Order of Removal, and not the prolonged detention itself." *Ahmed*, 2017 WL 3267738, at *2 (citation omitted). This is because any further injury would follow from Cabrera's order of removal to Mexico, rather than his continuing detention. *See Chuol v. Sessions*, No. 17-cv-4700 (JNE/TNL), 2018 WL 1598624, at *2 (D. Minn. Feb. 27, 2018) (citations omitted), *report and recommendation adopted*, 2018 WL 1587611 (D. Minn. Apr. 2, 2018). The exception for wrongs capable of repetition yet evading review only applies in exceptional situations where "there is a reasonable expectation that the same complaining party will be subject to the same action again." *Id.* (citing *Spencer v. Kemna*, 523 U.S. 1, 17 (1998)). Here, Cabrera has been removed from the country, and there is no evidence justifying an expectation of him returning to ICE detention. The third exception, for voluntary cessation, arises in cases in which "the government voluntarily ceased allegedly unlawful conduct but is free to restart such conduct at whim." *Kargbo v. Brott*, No. 15-cv-2713 (PJS/LIB), 2016 WL 3676162, at *2 (D. Minn. July 6, 2016) (citing *Already, LLC*, 568 U.S. at 91). Here, the government

is not free to "restart such conduct at whim" because Cabrera is not within the government's control. He has been deported to Mexico. Finally, the fourth exception does not apply because this is not a class-action suit. Thus, none of the exceptions to the mootness doctrine apply, and the mootness of Cabrera's case results in a lack of subject-matter jurisdiction over his habeas petition.

Therefore, based on all of the files, records, and proceedings in the above-captioned matter, **IT IS HEREBY ORDERED THAT**:

1. The Court **DECLINES TO ACCEPT** the Report and Recommendation [ECF No. 20] because the case has become moot;

2. The Petition for Writ of Habeas Corpus [ECF No. 1] is **DENIED** as moot; and

3. The action is **DISMISSED WITHOUT PREJUDICE** for lack of subject-matter jurisdiction.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: January 22, 2019
s/ Eric C. Tostrud
Eric C. Tostrud
United States District Court